# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-1742

VASSILI KOURSKI,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General of the United States,

*Respondent.*

_____

On Petition to Review an Order of the
Board of Immigration Appeals.

_____

ARGUED DECEMBER 16, 2003—DECIDED JANUARY 22, 2004

_____

Before BAUER, POSNER, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. Vassili Kourski asks us to set aside the order removing (deporting) him from the United States. He was born in Russia, came to the United States in 1996 on a tourist visa, and applied for asylum before his visa expired. He claims to be Jewish, and to have been persecuted in Russia by anti-Semites whom the police either cannot or will not control. The only evidence of his being Jewish that he presented at his removal hearing, besides his own sworn testimony, was a copy of a purported Russian birth certificate, listing his nationality as Jewish. The immigration service determined that it was a forgery. Kourski testified

without contradiction that his mother had sent him the document and that he didn't know it was a forgery.

The immigration judge found "that because [Kourski] has not rebutted the conclusions of the Service's expert witness as to the genuineness of his birth certificate, his claim [to being Jewish] is discredited and his testimony is rejected as lacking in credibility. Accordingly, his application for asylum will be denied." In a footnote the immigration judge "also note[d] that [Kourski] did not present any other evidence to corroborate his alleged Jewish nationality including, for example, the testimony or affidavit of his brother who lives in Chicago." The judge nevertheless granted Kourski's motion for voluntary departure on the ground that "the record does not conclusively establish fraud."

The Board of Immigration Appeals affirmed. It remarked that the immigration judge had denied Kourski's application for asylum because Kourski "was found not credible due to his submission of a fraudulent birth certificate." After satisfying itself that the birth certificate was indeed a forgery, the board said that it "agree[d] with the Immigration Judge that [Kourski] was not credible as a result of his having submitted a fraudulent birth certificate in order to corroborate his ethnicity as Jewish and his identity. Without credible testimony, he has failed to meet his burden of proof."

There is a gaping hole in the reasoning of the board and the immigration judge. Suppose that Kourski had merely testified that he was Jewish, without presenting any documentary evidence. The immigration judge might have believed him despite the absence of corroboration, and on that basis have approved his application for asylum, since "the testimony of the applicant [for asylum], if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a); see *Georgis v. Ashcroft*, 328 F.3d

962, 969 (7th Cir. 2003). Jews constitute an ethnic group as well as a religious one. Many Jews are not religious, do not belong to a synagogue, and do not have any documents identifying them as Jews. It is true that the Soviet Union considered Jews a nationality and that Soviet birth certificates list the nationality of the newborn, but many people have lost their birth certificates and Soviet records are in disarray, so it might be impossible to procure a substitute. Failure to tender a birth certificate to prove that one was a Russian Jew would therefore not be decisive evidence that one was not Jewish. Even so, the immigration judge might, on the authority of such cases as *Mulanga v. Ashcroft*, 349 F.3d 123, 133-34 (3d Cir. 2003); *Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir. 2003); *Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001), and *In re M-D-*, 21 I. & N. Dec. 1180, 1184 (BIA 1998), have denied Kourski's application for asylum on the ground that Kourski had failed to provide evidence corroborating testimony by him that was vital to his claim or to explain why he could not provide such evidence. These cases are in some tension with the regulation we quoted, and have been rejected by the Ninth Circuit, *Ladha v. INS*, 215 F.3d 889, 899 (9th Cir. 2000), but even if they are sound and would have provided a valid ground for the denial of Kourski's application, that was not the ground of the denial. The immigration judge did remark the absence of an affidavit from Kourski's brother (though it is odd to think a brother's affidavit would be persuasive evidence), but based his decision not on the absence of corroboration of Kourski's claim to be Jewish (he did not, for example, fault Kourski for not having presented any evidence about the circumstances in which his mother had obtained the forged birth certificate) but on the unsupportable ground that the forgery showed that Kourski was not a credible witness.

It was unsupportable because the immigration judge did not find that Kourski knew or suspected that the birth certificate was a forgery. There is no evidence apart from his testimony concerning the circumstances in which his mother procured the forged birth certificate—whether *she* knew it was a forgery, which would be some evidence that Kourski really isn't Jewish. As far as the record and the findings are concerned, neither Kourski nor his mother knew. And if they didn't know, the fact of forgery cannot be evidence against the credibility of his testimony that he is Jewish. The testimony is neither corroborated nor undermined by a forgery of which he had, so far as appears, no knowledge.

The mistake is repeated in the immigration service's brief in this court, which states that because "Kourski's birth certificate was counterfeit, which was the only documentary evidence in the record that Kourski was Jewish, the IJ understandably found that he was not a credible witness." That would have been a legitimate finding only if there were reason to believe that Kourski knew or suspected that the birth certificate had been forged. Of course, even if he forged it himself, this would not prove that he was not Jewish, as it is not unknown for persons who have valid claims but no evidence to support it to forge some evidence. But the immigration judge wouldn't have to accept such an argument. Without reason to believe that Kourski knew or suspected the forgery, however, proof that it was a forgery wouldn't be evidence that he was lying.

At the argument in this court, the government's lawyer said that Kourski "must have known" the birth certificate was a forgery. She gave no reason for this assertion, and, more important, neither the immigration judge nor the Board of Immigration Appeals found that Kourski "must have known," or even have suspected, that the birth cer-

tificate was a forgery. Had the immigration judge thought Kourski knew or suspected, he would have been unlikely to grant voluntary departure. It was a subtle forgery, which is why the board devoted most of its opinion to satisfying itself that it really *was* a forgery, and so it might well have fooled Kourski and his mother. Kourski denied it was a forgery, which may have misled the immigration judge and the board into thinking that his claim for asylum depended on proving that it was not.

Relying on a case called *In re O-D-*, 21 I. & N. Dec. 1079 (BIA 1998), the government argues that an asylum applicant's testimony can be credible, in the face of a forged document, only if (1) the document relates to an immaterial or peripheral issue or (2) the applicant had used the forged document to escape from his persecutors. Ignored is the fact that if the applicant has no reason to know that the document is forged, its existence does not undermine his credibility, though it deprives his testimony of the extra boost to credibility that it would have if it were corroborated.

The denial of asylum to Kourski may be correct or incorrect, but at present it lacks a reasoned basis, and so the order of removal is vacated and the case returned to the immigration authorities for further proceedings consistent with this opinion.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*