UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2005[*]
Decided February 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2712

| | |
|---|---|
| FENG LAI HAN,<br>　　　　*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| *v.* | No. A77 651 881 |
| ALBERTO R. GONZALES,<br>　　　　*Respondent*. | |

**O R D E R**

Feng Lai Han, a native and citizen of China, entered the United States in February 1996 on a six-month non-immigrant business visa. He overstayed and on June 13, 2000, the Immigration and Naturalization Service initiated removal proceedings. Han then sought asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), alleging that he would be persecuted if returned to China because he and his wife violated the government's family planning policies. An Immigration Judge, however, found Han's asylum

---

[*] On October 25, we granted the parties' joint motion to waive oral argument. Therefore, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

petition untimely and also denied his request for withholding of removal or protection under the CAT.  Han appealed to the Board of Immigration Appeals, which adopted and affirmed the IJ's decision, and now petitions for review.

Han's petition rested on the claim that he and his wife ran afoul of Chinese officials by conceiving a second child in 1993.  Han alleged that officials threatened him and, because his wife would not undergo a voluntary abortion, his employment was terminated.  Government officials, he testified, then forced his wife to abort their child.  Three years later, in 1996, Han left China with the aid of "snakeheads"—paid smugglers—though his wife and their four-year-old son stayed behind.

Only Han testified at his hearing on the merits before the IJ.  In addition to his testimony, he provided the IJ with an I-589 form, which included his written statement and five additional documents: (1) a copy of a notarized household register dated June 4, 1998; (2) a copy of a notarized marriage certificate indicating that Han married Jinhua Zhang on October 11, 1988; (3) copies of two "diagnosis certificates" reporting that Zhang underwent an abortion on March 8, 1993 and had an IUD implanted on May 18, 1993; and (4) a copy of a receipt dated March 24, 2003 pertaining to medical treatment received by Zhang.

The IJ denied Han relief.  The IJ first found that Han's petition for asylum, filed on May 24, 2001, was untimely because 8 C.F.R. § 208(a) requires individuals seeking political asylum to file their application within one year of entry into the United States, and here Han did not file his application until more than four years after arriving.  The IJ also found that Han could neither establish changed country conditions nor extraordinary circumstances to overcome the filing deadline.  Next, the IJ denied Han withholding of removal or protection under the CAT because he failed to submit credible evidence to support either claim.  The IJ, though, made no explicit credibility finding regarding Han's testimony.  Focusing instead on the documents Han submitted, the IJ characterized them as "suspicious" because they were prepared years later in 2002 and 2003, ostensibly for the purpose of seeking asylum, and that, other than the questionable documents, there was "nothing in the record to objectively support" Han's testimony.  The BIA, in a one paragraph *per curiam* order, affirmed the IJ's decision.

Initially, the government argues that we lack jurisdiction to review the IJ's determination that Han's asylum claim was untimely, *see Vladimirova v. Ashcroft,* 377 F.3d 690, 695 (7th Cir. 2004), and Han apparently concedes as much (his petition for review makes no mention of the issue).  We therefore limit our review to the IJ's denial of Han's remaining claims regarding withholding of removal and protection under the CAT.  *Id*. at 696.  To prevail on a withholding of removal claim, Han must show that "it is more likely than not" that he will be persecuted if

returned to China.  *See INS v. Stevic*, 467 U.S. 407, 429-30 (1984); *Vladimirova,* 377 F.3d at 695.  A CAT claim, however, requires Han to "show that it is more likely than not that he would be tortured if returned to" China.  *Jamal-Daoud v. Gonzales,* 403 F.3d 918, 925 (7th Cir. 2004).

Han presents a single issue for review.  In a cursory two-page argument, he suggests that the IJ erred by discrediting his oral testimony based on the alleged inadequacy of his supporting documents.  According to Han, he provided sufficient testimony that his wife underwent a forced abortion and implantation of an IUD, and this testimony alone should have established past persecution.  The government responds that the IJ was entitled to consider the supporting documents submitted by Han and, after discounting them, to conclude that he had not supported his claims.

An alien's oral testimony, if credible, is evidence that does not require corroboration.  *See Dawoud v. Gonzales*, 424 F.3d 608, 612 (7th Cir. 2005).  An IJ may require corroboration from an alien found to be incredible, *Gontcharova v. Ashcroft,* 384 F.3d 873, 877 (7th Cir. 2004), but in this case the IJ did not reach a credibility determination, *see Iao v. Gonzales,* 400 F.3d 530, 534 (7th Cir. 2005). Thus, the IJ's criticisms of Han's application must support the denial of relief.  But, they do not.

Turning first to the IJ's analysis of Han's supporting documents, we have permitted the inference that the use of fraudulent documents reflects negatively on an alien's claim when the documents are provided "to establish an element of the asylum claim," *Dong v. Gonzales*, 421 F.3d 573, 578-79 (7th Cir. 2005), but this is not a case of fraudulent documents.  The IJ discounted Han's documents because they were not contemporaneous with the events they reported; he did not explicitly find them to be forgeries.  Thus, the IJ's choice to assign the documents no weight should not have discredited Han's claims for withholding of removal or protection under the CAT.  *Cf. Kourski v. Ashcroft*, 355 F.3d 1038, 1039 (7th Cir. 2004) (alien must know or suspect that a document is fraudulent for the forgery to be "evidence against the credibility of his testimony").

Setting aside the IJ's analysis of Han's documents, the only remaining ground the IJ gave to deny the application was the fact that Han and his family remained without incident in China from 1993-1996, and that his wife and son continue to live there.  It is true that "evidence that an asylum applicant's family members remain unharmed in their home country may support a finding that the applicant is unlikely to suffer future persecution." *Nakibuka v. Gonzales*, 421 F.3d 473, 479 (7th Cir. 2005).  But where, as here, coercive family planning is the alleged form of persecution it is not relevant that an alien or his family has or can prevent persecution by avoiding pregnancy.  *See Dong*, 421 F.3d at 578.  Han's allegation

that his wife was forced to have an abortion, if believed, entitles him to a presumption of persecution if forced to return to China, *see Zhang v. Gonzales*, 434 F.3d 993, 1001-1002 (7th Cir. 2006); *Dong*, 421 F.3d at 580; *Lin v. Ashcroft*, 385 F.3d 748, 752 (7th Cir. 2004) (discussing statutory amendment allowing individuals subject to China's "one child" policy to seek asylum); *Qui v. Ashcroft,* 329 F.3d 140, 148 (2d Cir. 2003) (spouse may seek asylum based on wife's forced abortion or sterilization).

Accordingly, we GRANT the petition for review of Han's withholding and CAT claims and REMAND the case to the BIA for further proceedings.