**Mama Victorine GUILAVOGUI,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General of the United States,**
**Respondent.**

No. 06–4121–ag.

United States Court of Appeals,
Second Circuit.

April 5, 2007.

**34**

Stephen Wizner, New Haven, CT, for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Thomas Cullen, Assistant United States Attorney, Charlotte, NC, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. REENA RAGGI, Circuit Judges.

*SUMMARY ORDER*

Petitioner Mama Victorine Guilavogui, a native and citizen of Guinea, seeks review of an August 7, 2006 order of the BIA affirming the March 29, 2005 decision of Immigration Judge ("I J") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Mama Victorine Guilavogui*, No. A97 965 647 (B.I.A. Aug. 7, 2006), *aff'g* No. A97 965 647 (Immig. Ct. Hartford Mar. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales*, 331 F.3d at 307.

In certain circumstances, an adverse credibility finding might reasonably be based on the applicant's submission of a fraudulent document as evidence in an asylum proceeding. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006); *Matter of O–D–*, 21 I. & N. Dec. 1079 (BIA 1998). Indeed, it may be permissible for

an IJ to rely solely on the submission of such a document in making an adverse credibility determination. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 158 (2d Cir.2006). However, it was error for the IJ to reach that determination in this case without considering other evidence. An IJ has an obligation to consider adverse evidence in conjunction with other testimonial and documentary evidence in determining credibility. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 123 (2d Cir.2006). In this case, the IJ apparently read *Matter of O–D–* to require him to make an adverse credibility finding in light of the single document, a newspaper article, that he found to be fraudulent. In fact, *Matter of O–D–* does not require an automatic negative credibility finding whenever the asylum applicant presents a potentially fraudulent document. *See Yongo v. INS,* 355 F.3d 27, 34 (1st Cir.2004); *Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004).

Here, the IJ erred in failing to consider the particular nature of the fraudulent document in light of Guilavogui's other evidence. The record suggests that absent the article, the IJ would have found that Guilavogui "certainly establish[ed] past persecution and a well-founded fear of persecution." Nevertheless, the IJ did not weigh the article in light of Guilavogui's other evidence.

The IJ further erred in failing to make any findings supporting the conclusion that Guilavogui knew the newspaper article was fraudulent when she submitted it. *See Kourski v. Ashcroft,* 355 F.3d 1038 (7th Cir.2004) (rejecting the agency's reliance on a forged birth certificate because there was no evidence that the petitioner knew or suspected the document to be forged when he submitted it). Guilavogui maintained throughout her proceedings that she did not know how the article was created, and that she was unaware of its fraudulent nature when she submitted it to the asylum officer. Indeed, once aware of the article's unreliability, she did not offer it as evidence before the IJ, apparently disavowing it. Because the agency failed to consider the fraudulent newspaper article in context or to make findings supporting petitioner's knowing submission of fraudulent evidence, we cannot conclude on the present record that the adverse credibility finding was supported by substantial evidence. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005). At the same time, we cannot conclude that a finding of credibility was compelled. See 8 U.S.C. § 1252(b)(4)(B). Accordingly, we remand for further findings consistent with this order.

Because the agency's legal and factual errors require remand, we need not reach Guilavogui's constitutional claim. Moreover, Guilavogui's CAT claim is barred by her failure to exhaust administrative remedies. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004).

For the foregoing reasons, the petition for review is DISMISSED for failure to exhaust administrative remedies insofar as it seeks review of the denial of CAT relief, and otherwise GRANTED. The BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).