**Saime SERRI, Saida Serri, Ina Serri, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–1469–ag.

United States Court of Appeals, Second Circuit.

March 12, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Michael B. Mukasey, United States Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Yamileth G. HandUber, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B. D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Saime Serri, a native and citizen of Albania, seeks review of a February 2, 2007 order of the BIA affirming the June 22, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), which included her two daughters, Saida Serri and Ina Serri. *In re Serri,* Nos. A 77 714 449/450/451 (B.I.A. Feb. 2, 2007), *aff'g* Nos. A 77 714 449/450/451 (Immig. Ct. N.Y. City June 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not

explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). (En Banc) However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

As an initial matter, under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS,* 358 F.3d 162, 165, 174 (2d Cir.2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Serri did not seek a grant of "humanitarian asylum" pursuant to 8 C.F.R. § 1208.13(b)(1)(iii)(A) before the agency. Thus, as a statutory matter, this Court is without jurisdiction to consider her argument seeking that relief and must dismiss the petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1).

In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Although the government argues that Serri failed to exhaust her argument that the agency erred in relying on the consular report indicating that several documents she submitted were suspect because she did not know that the documents were fraudulent, the BIA directly addressed her testimony that she was not aware that the documents were fraudulent. Consequently, as such, that issue is considered exhausted and may be reviewed by this Court. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir. 2006)

Substantial evidence does not support the IJ's adverse credibility determination. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. First, in denying her claim, the IJ violated Serri's right to due process. *See Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006). She did not have a full and fair opportunity to present evidence rebutting the IJ's conclusions which were based on a consular report which she received from the government one day before her hearing. *See Burger v. Gonzales,* 498 F.3d 131, 135 (2d Cir.2007). Although the IJ allowed her to testify in rebuttal, she was not afforded an opportunity to obtain or present rebuttal evidence before the IJ issued her decision. *Id.* Moreover, the IJ's reliance on the absence of specific rebuttal evidence, namely, affidavits from her brother and her husband's nephew, was arbitrary: after receiving the consular report she was denied an opportunity to obtain any rebuttal evidence, much less these specific documents.

The BIA also erred in relying on Serri's submission of questionable evidence to support its adverse credibility determination, because it failed to determine whether she had knowledge that the documents might be fraudulent. *See Kourski v. Ashcroft,* 355 F.3d 1038, 1039–40 (7th Cir.2004) (rejecting the agency's reliance on a forged

birth certificate because there was no evidence that the petitioner knew or suspected the document to be forged when he submitted it).

Additionally, the agency improperly found that Serri only provided details regarding statements by her attackers on cross-examination. Contrary to this finding, during cross-examination the translator clarified that Serri had stated during her direct testimony what the attackers said, and the translator admitted to failing to translate it during her direct testimony. Moreover, the omission in Serri's asylum application of these statements was not a material discrepancy that could support an adverse credibility determination. She had alleged that the rapists were Socialists, which sufficiently supported her claim that she was attacked because of her involvement in the Democratic Party. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003)

 Remand is appropriate because it remains unclear whether the agency would have reached the same conclusion absent the errors. *See Li Hua Lin v. U.S. Dept. of Justice,* 453 F.3d 99, 111 (2d Cir.2006). Two of the errors—the due process violation and the failure to determine whether Serri knew or had reason to know that the documents might be fraudulent—concern the consular report, and the IJ explicitly stated during an April 2005 hearing that her decision depended solely upon the result of that report. *See id.* (finding that remand was necessary where an error involved a finding that the IJ labeled "the most critical issue here"). Moreover, the IJ relied on two additional erroneous findings to support the decision. *See id.*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

For the foregoing reasons, the petition for review is DISMISSED, in part, and GRANTED, in part. Additionally, the decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this decision.