**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SVETLANA DMITREEVNA CHERNOMORETS and VERA VASILEVNA DOLGOVA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-70862 <br><br> Agency Nos.     A097-112-671 <br>                    A097-112-672 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2013[**]
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Based on an adverse credibility finding, the Immigration Judge ("IJ") denied Petitioners' claims for asylum, withholding of removal, and Convention Against Torture protection. The Board of Immigration Appeals ("BIA") upheld the IJ's decision and dismissed Petitioners' appeal. Petitioners, a mother and daughter, now petition for review from the BIA's decision.

The evidence does not compel this Court to overturn the adverse credibility determination. *See Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). That determination rested on a combination of several pieces of evidence the IJ and BIA were entitled to credit, including: (1) the mother's failure to seek asylum during any of her three prior trips to the United States (which post-dated at least some of the alleged persecution); (2) Petitioners' submission of birth documents that the Department of Homeland Security ("DHS") determined to be fraudulent; and (3) a DHS report indicating that newly issued Russian birth records may not contain reliable information regarding ethnicity because individuals can and do have this information changed in order to pursue asylum. *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907 (9th Cir. 2004), and *Kourski v. Ashcroft*, 355 F.3d 1038 (7th Cir. 2004), are distinguishable for the reasons given by the BIA.

The record refutes Petitioners' assertion that they were not afforded notice of or an opportunity to respond to the IJ's concerns about their credibility. Petitioners

2

in fact objected to the admission of the government's pertinent exhibits; the IJ noted on the record that Petitioners' documents might exemplify the type of fraud the DHS report discussed; and Petitioners cross-examined the forensics expert who determined their documents were fake. Moreover, contrary to Petitioners' assertion, the BIA did pass judgment on this argument, rejecting it for the reasons just given.

Finally, the IJ did not err in failing to discuss other documents Petitioners offered, which did not bear on the dispositive issue of whether Petitioners suffered persecution because they were Jewish.

**PETITION FOR REVIEW DENIED.**